UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------
: 
BROVOU BI BOH LAURENT,    :
                          :       CASE NO. 4:18-CV-935
           Petitioner,    :
                          :
        vs.               :       OPINION & ORDER
                          :       [Resolving Doc. 1]
JEFF SESSIONS,            :
                          :
           Respondent.    :
                          :
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Brovou Bi Boh Laurent petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Respondent filed a motion to dismiss.[2] Magistrate Judge Thomas Parker recommends denying his petition,[3] and Petitioner has not objected to this report and recommendation.

Because Petitioner has been released from custody and removed to Ivory Coast, the Court **ADOPTS** Magistrate Judge Parker's Report and Recommendation, and **DISMISSES** the petition as moot.

## I. Background

Petitioner, a native and citizen of the Ivory Coast, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 on April 24, 2018. He alleged that he was taken into detention by Immigration and Customs Enforcement ("ICE") on January 20, 2017. He

---

[1] Doc. 1.
[2] Doc. 9.
[3] Doc. 10.

Case No. 4:18-CV-935
Gwin, J.

had been held continuously since then, despite an Immigration Judge's May 17, 2017 removal order.[4] In his petition, Laurent sought release from ICE custody.

In its motion to dismiss, the government submits a sworn statement from Michael S. Hallett, Laurent's deportation officer, saying that Petitioner was removed to the Ivory Coast via a commercial flight on July 24, 2018.[5]

## II. Discussion

When a noncitizen is subject to a final order of removal, the Government typically deports them within a 90-day statutory removal period. After this period has expired, 8 U.S.C. § 1231(a)(6) authorizes the noncitizen's continued detention.

In *Zadvydas v. Davis*, the Supreme Court held that this post-removal-detention statute only authorizes ongoing detention "for a period reasonably necessary to secure the alien's removal."[6] *Zadvydas* held that individual in post-removal-period detention may petition for his release from custody under 28 U.S.C. § 2241 on the grounds that the detention was longer than necessary to secure their removal.[7] Detention for more than six months after entry of a final removal order raises a rebuttable presumption that the noncitizen is not going to be removed in the "reasonably foreseeable future" and is eligible for release.[8]

Here, Laurent's removal order became final on September 13, 2017. After March 13, 2018, Humphries had presumptively been held for a period longer than necessary to

---

[4] Petitioner's order of removal became administratively final on September 13, 2017, when it was affirmed by the Board of Immigration Appeals. *See* Doc. 9-2 at 2.
[5] Doc. 9-2.
[6] 533 U.S. 678, 682 (2001).
[7] *See Id.* at 687.
[8] *Id.* at 700. *See also Ly v. Hansen*, 351 F.3d 263, 267 (6th Cir. 2003) ("*Zadvydas* . . . impos[ed] a reasonable time limit (six months), supervised by the federal courts in habeas proceedings, on the amount of time that a deportable criminal alien may be detained after a determination as to removability has been made, unless the government asserts a 'strong special justification' for the detention.").

Case No. 4:18-CV-935
Gwin, J.

secure his removal. The government does not offer any explanation why it was reasonably necessary to detain Petitioner for ten months and eleven days after he had been ordered removed.

In any event, ICE successfully deported Petitioner in July after he had spent one year, six months, and four days in custody. As Laurent has obtained the relief he sought in his petition, his case is moot and the Court lacks subject-matter jurisdiction over his request for release.[9]

### III. Conclusion

For the reasons stated above, the Court **ADOPTS** Magistrate Judge Parker's Report and Recommendation, and **DISMISSES** Petitioner Laurent's petition as moot.

IT IS SO ORDERED

Dated: January 7, 2019                    *s/      James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[9] *See Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004) (deportation renders petition for release pending deportation moot). Mootness doctrine is subject to an exception where the challenged conduct is "capable of repetition yet evading review." However, because Laurent has not alleged that rights will be violated again in the future, nor that any future violation will be made in a duration too short to be fully litigated, the Court finds that this exception does not apply. *See Id.*